IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | | |
|---|---|---|---|
| SIME HICKSON, 24252-077, | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No. | 3:06-CV-159-G |
| | ) | | 3:93-CR-054-G |
| UNITED STATES OF AMERICA, | ) | | |
| Respondent. | ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Procedural background**

Petitioner is a federal prisoner.  He filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

Petitioner was convicted of car jacking and aiding and abetting, carrying a firearm during a crime of violence and aiding and abetting, and obstruction of commerce by robbery and aiding and abetting in violation of 19 U.S.C. § 2119 and 2, 18 U.S.C. § 924(c)(1) and 2, and 18 U.S.C. § 1951(a) and 2.  On September 16, 1993, the district court sentenced Petitioner to a total of 990 months confinement and two years supervised release.  The Fifth Circuit Court of Appeals

affirmed the conviction and sentence on direct appeal.

On January 24, 2006, Petitioner filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255. On April 7, 2006, the Court denied the petition as barred by the statute of limitations.

On April 17, 2009, Petitioner filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). He argues his § 2255 petition was incorrectly denied as time-barred. The Court recommends that the Rule 60(b) motion be denied.

## II. Discussion

Petitioner argues his January 24, 2006, § 2255 motion was not time-barred because he was prevented from filing his § 2255 petition earlier. Petitioner states he was in state custody until January 1, 2004, when he was transferred to federal custody to begin serving his federal sentence. (Supp. Pet. Aff. at 3.) He argues: (1) while serving his state sentence he was not "in custody" for purposes of filing a § 2255 petition; (2) while in state custody he did not have access to federal legal materials to determine how to file a § 2255 petition; and (3) he did not receive his legal files from his attorneys until 2009, despite requesting them earlier.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if

>	the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

Petitioner argues under section (2) above, that he was prevented from timely filing his § 2255 petition because he was incarcerated in state prison until January 1, 2004. Even if the Court accepts as true that Petitioner could not have filed a § 2255 petition until he transferred to federal custody in January, 2004, his petition is untimely. Petitioner did not file his § 2255 petition until January 24, 2006, two years after his transfer into federal custody. The petition was therefore barred by the one-year limitations period.

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner states he is entitled to equitable tolling because he did not receive his legal files from his attorney until 2009. Petitioner, however, has not stated how the lack of his legal files actually prevented the filing of his habeas petition. *See Hatcher v. Quarterman*,

305 Fed. Appx. 195, 195 (5th Cir. 2008) (per curiam) (stating petitioner was not entitled to equitable tolling where he failed to show lack of his trial counsel's file prevented him from filing, as opposed to proving his claims).  In fact, Petitioner filed his § 2255 petition in 2006, although he states he did not receive his legal files until 2009.  The lack of his legal files clearly did not prevent Petitioner from filing a § 2255 petition.

**RECOMMENDATION**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that Petitioner's Rule 60(b) motion be denied.

Signed this 5th day of February, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).